In the Matter of BROOKLYN CHILDREN'S AID SOCIETY, Respondent; NATHANIEL L. GOLDSTEIN, Attorney-General, as the Statutory Representative of the Unknown Beneficiaries, etc., Appellant.

Application by Brooklyn Children's Aid Society for leave to expend its general endowment fund for current maintenance expenses in accordance with section 12 of the Personal Property Law of the State of New York.

Appeal by the Attorney-General from an order confirming the report of an official referee and permitting respondent to employ part of the principal of its general restricted endowment fund, not exceeding $30,000 annually, in order to meet the respondent's costs of operation, and directing restoration of any sums so used in the event any future gifts or bequests are received by respondent. Order reversed upon the law and the facts, without costs, and the application denied, without costs. Section 12 of the Personal Property Law permits the Supreme Court to direct that a gift for charitable purposes be administered or expended free from any specific restriction, limitation or direction contained in any instrument of gift where it appears to the court that circumstances have so changed since the execution of the gift instrument " as to render impracticable or impossible a literal compliance with the terms of such instrument  *  *  *." (Personal Property Law, § 12, subd. 2.) The record contains no evidence that it has become impracticable or impossible to observe the terms of the various gifts and bequests to the respondent, limiting it to the use of the income derived

therefrom. The income from the gifts continues to be required for the respondent's operations. If the respondent is unable to obtain additional income from other sources for its growing needs, operations will have to be curtailed. Invasion of the principal of the gifts, contrary to the donors' intentions, would simply aggravate respondent's problems. It would not provide a solution. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.